Jason D Haymore (UT-13236)
PEARSON, BUTLER & CARSON, PLLC
1802 South Jordan Parkway #200
South Jordan, UT 84095
(t)801-495-4104
JasonH@pearsonbutler.com
Attorneys for Plaintiff

**UNITED STATES COURT DISTRICT OF UTAH**
**CENTRAL DIVISION, STATE OF UTAH**

| | |
|---|---|
| BREAK MERINO, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>SALT LAKE CITY, a Municipality,<br><br>Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>Case No.: 1:20-cv-00020-PMW<br><br>Honorable: Paul M. Warner |

Plaintiff Break Merino ("Plaintiff" or "Mr. Merino"), by and through counsel, hereby submits this Complaint and Jury Demand and complains against Defendant Salt Lake City, ("Defendant") as follows:

## INTRODUCTION

1.     This is a proceeding to redress disability discrimination and retaliation in violation of the Americans with Disabilities Act 42 U.S.C. §12101, et seq., as amended (the "ADA").

## PARTIES

2.     Mr. Merino is an individual who at all times relevant herein, was and is a resident of Davis County, Utah.

3.     Defendant is a Utah Municipality under the laws of the State of Utah and exists in Salt Lake County, Utah.

4. Defendant employs more than fifteen (15) employees and is an employer within the meaning of the ADA.

**JURISDICTION AND VENUE**

5. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331, in that this action arises under federal law, specifically, the ADA.

6. The unlawful employment discrimination giving rise to Plaintiff's claims were committed within the jurisdiction of this court. Therefore, venue is proper under 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1391.

7. Mr. Merino has fulfilled all conditions precedent under the ADA prior to instituting this lawsuit and has fulfilled all obligations to exhaust his administrative remedies.

8. Mr. Merino filed a timely charge of disability discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Utah Labor Commission.

9. The EEOC issued Mr. Merino a Notice of Right to Sue on November 22, 2019.

**FACTS**

10. Plaintiff was employed by Defendant as a Police Officer with the Salt Lake City Police Department on or about December 28, 2000.

11. After about two years, Plaintiff was promoted to work with the SWAT team.

12. Plaintiff was also selected to attend sniper school and did so.

13. Following sniper school, Plaintiff was asked to join the Gang Suppression Unit, which he worked in for two years until he was promoted to the position of a gang investigator where he participated in large-scale criminal RICO investigation and prosecution.

14. He has also worked in the Training Unit and in the Intelligence Unit.

15. On or about February 26, 2016, Plaintiff began to experience blurred vision in his left eye. In addition to the blurred vision, he began to experience a sensation of pressure in the same eye.

16. Shortly after, he was diagnosed with Central Serous Retinophathy (CSR), which is related to PTSD that occurred as a result of his work for Defendant.

17. On or about March 14, 2016, Plaintiff requested temporary leave from the Department to allow him to obtain treatment for the PTSD. He was subsequently placed on leave under the Family & Medical Leave Act ("FMLA").

18. However, in an effort to return to work, Plaintiff was able to obtain a temporary modified schedule from the Department, which allowed Plaintiff to telecommute from home.

19. The modified schedule was approved on April 16, 2016 and ran from April 17, 2016, until June 18, 2016.

20. Pursuant to the schedule modification, Plaintiff was permitted to telecommute from home Monday through Thursday, making himself available by telephone between the hours of 8:00 am and 6:00 pm.

21. Unfortunately, and without explanation, the Department did not extend the modified schedule, despite its expressed ability to do so.

22. On or about December 12, 2016, Plaintiff was sent a Memorandum from the Department, addressed from the Deputy Chief of Police, Dave Askerlund, indicating the Department's intent to terminate his employment pursuant to Salt Lake City policy.

23. On December 19, 2016, Plaintiff met with Deputy Chief Askerlund to discuss his employment situation.

24. In response to that meeting, Plaintiff was provided a second Memorandum dated January 13, 2017 wherein Deputy Chief Askerlund granted him "a department approved leave of absence through March 9th, 2017.

25. In an effort to return to work, Plaintiff sent an email to Deputy Chief Askerlund on June 7, 2017. In that email, Plaintiff requested a reasonable accommodation under the Americans with Disabilities Act ("ADA").

26. Specifically, Plaintiff requested that the Department grant him the ability to telecommute as it had done in April 2016.

27. Plaintiff's request to telecommute was denied because Defendant said it was not a viable option.

28. Plaintiff subsequently learned that the Department granted this same accommodation to other officers after the Department had notified Plaintiff that the telecommute option had been found unworkable.

29. Plaintiff's employment with the Department was officially terminated on July 16, 2017.

## FIRST CAUSE OF ACTION
(Americans with Disabilities Act – Disability Discrimination)

30. Plaintiff realleges and incorporates by reference all preceding numbered paragraphs.

31. Defendant employs more than 15 employees and is therefore an "employer" as that term is defined in 42 U.S.C. §12111(5)(A).

32. Plaintiff is a disabled person as defined by the ADA.

33. Defendant also regarded Plaintiff as having an impairment that is neither transitory nor minor.

34. Plaintiff was able to perform the essential functions of his job with an accommodation.

35. For reasons including but not limited to those described in this Complaint, Defendant has discriminated against Plaintiff because of his disability in violation of the Americans with Disabilities Act, 42 U.S.C. §12111 et seq, and its implementing regulations.

36. Plaintiff was treated differently in the workplace than other co-employees without disabilities who were similarly situated and any reasons for such differing treatment or for allowing such differing treatment to occur are pretextual. The real reasons for such differing treatment had to do, in part or in whole, with Plaintiff's disability.

37. Defendant was aware, or should have been aware, of the actions and inactions described above, because such were obvious and pervasive and because, at various times throughout his employment. Plaintiff complained of them to Defendant on multiple occasions. Despite such awareness, Defendant failed to investigate Plaintiff's complaints and failed to respond in a way reasonably calculated to stop the discrimination.

38. Plaintiff has been damaged and continues to be damaged by Defendant's discriminatory treatment and termination of Plaintiff.

39. In violating the Americans with Disabilities Act, Defendant acted intentionally and with malice and/or reckless, callous, and/or deliberate indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to compensatory and punitive damages pursuant to 42 U.S.C. §12117.

## SECOND CAUSE OF ACTION
(Americans with Disabilities Act – Retaliation)

40. Plaintiff realleges and incorporates by reference all preceding numbered paragraphs.

41. Plaintiff's requests to accommodations constitutes protected activity under the Americans with Disabilities Act.

42. After Plaintiff requested accommodations, and was denied reasonable accommodations, Defendant unlawfully retaliated against Plaintiff by terminating his employment.

43. Plaintiff has been damaged and continues to be damaged by Defendant's unlawful retaliation.

44. In violating the Americans with Disabilities Act, Defendant acted intentionally and with malice and/or reckless, callous, and/or deliberate indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to compensatory and punitive damages pursuant to 42 U.S.C. §12117.

### *PRAYER FOR RELIEF*

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. For back wages and an award of anticipated front pay;

2. For costs advanced related to damages in an amount to be determined at trial;

3. For damages under the Americans with Disabilities Act related to emotional distress and other general damages in an amount to be determined at trial;

4. For Plaintiff's attorney's fees pursuant to 42 U.S.C. § 12205:

5. For punitive damages in an amount to be determined at trial; and

6. For interest on the forgoing, costs of court, and such other relief as the court deems just and equitable.

[the rest of this page is left intentionally blank]

**JURY TRIAL REQUESTED**

Dated this February 20, 2020

 /s/ Jason D. Haymore
Jason D. Haymore
Attorney for Plaintiff