BRADLEY A. SCHMIDT (Bar No. 16155)
**HARWARD & ASSOCIATES**
6605 S. Redwood Road; Ste. 101
Salt Lake City, Utah 84123
Telephone:  (801) 506–3800
Facsimile:  (801) 795–7440
Email:  bschmidt@harwardlaw.com

*Attorney for Plaintiff Break Merino*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH – NORTHERN DIVISION

| | |
|---|---|
| BREAK MERINO, an individual, <br><br>　　Plaintiff, <br><br>v. <br><br>SALT LAKE CITY, a municipality, <br><br>　　Defendant. | **AMENDED COMPLAINT** <br><br> Case No.: 1:20–cv–00020–HCN–CMR <br><br> Hon. Howard C. Nielson, Jr. <br><br> Magistrate Judge Cecilia M. Romero |

Plaintiff Break Merino ("Plaintiff" or "Mr. Merino"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), hereby submits this *Amended Complaint*, complaining against Defendant Salt Lake City ("Defendant" or "City"), alleging as follows:

## INTRODUCTION

1. This is a proceeding to redress disability discrimination and retaliation in violation of the Americans with Disabilities Act 42 U.S.C. §12101, et seq., as amended (the "ADA").

## PARTIES

2. Mr. Merino is an individual who at all times relevant herein, was and is a resident of Davis County, Utah.

3. Defendant is a Utah Municipality under the laws of the State of Utah and exists in Salt Lake County, Utah.

4. Defendant employs more than fifteen (15) employees and is an employer within the meaning of the ADA.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, in that this action arises under federal law, specifically, the ADA.

6. The unlawful employment discrimination giving rise to Plaintiff's claims were committed within the jurisdiction of this Court. Therefore, venue is proper under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1391.

7. Mr. Merino has fulfilled all conditions precedent under the ADA prior to instituting this lawsuit and has fulfilled all obligations to exhaust his administrative remedies.

8. Mr. Merino filed a timely charge of disability discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Utah Labor Commission.

9. The EEOC issued Mr. Merino a Notice of Right to Sue on November 22, 2019.

## FACTS

10. Plaintiff was employed by Defendant as a Police Officer with the Salt Lake City Police Department ("Department") on or about December 28, 2000.

11. After about two years, Plaintiff was promoted to work with the SWAT team.

12. Plaintiff was also selected to attend sniper school and did so.

13. Following sniper school, Plaintiff was asked to join the Department's Gang Suppression Unit, which Plaintiff worked in for two years until Plaintiff was promoted to the

position of Gang Investigator.

14. As a Gang Investigator, Plaintiff participated in a large-scale criminal RICO investigation and prosecution.

15. Plaintiff has also worked in the Department's Training Unit and in the Department's Intelligence Unit.

16. On or about February 26, 2016, Plaintiff began to experience blurred vision in his left eye. In addition to the blurred vision, Plaintiff began to experience a sensation of pressure in the same eye.

17. Shortly thereafter, Plaintiff was diagnosed with Central Serous Retinophathy (CSR), which is related to PTSD that occurred as a result of Plaintiff's work for Defendant.

18. On or about March 14, 2016, Plaintiff requested temporary leave from the Department to allow him to obtain treatment for the PTSD. Plaintiff was subsequently placed on leave under the Family & Medical Leave Act ("FMLA").

19. In an effort to return to work, Plaintiff was able to obtain a temporary modified schedule from the Department, which allowed Plaintiff to telecommute from home.

20. The modified schedule was approved on April 16, 2016 and ran from April 17, 2016, until June 18, 2016.

21. Pursuant to the schedule modification, Plaintiff was permitted to telecommute from home Monday through Thursday, making himself available by telephone between the hours of 8:00 am and 6:00 pm.

22. Unfortunately, and without explanation, the Department did not extend the modified schedule, despite its expressed ability to do so.

23. On or about December 12, 2016, Plaintiff was sent a Memorandum from the Department, addressed from the Deputy Chief of Police, Dave Askerlund, indicating the Department's intent to terminate Plaintiff's employment pursuant to Salt Lake City policy.

24. On December 19, 2016, Plaintiff met with Deputy Chief Askerlund to discuss Plaintiff's employment situation.

25. In response to that meeting, Plaintiff was provided a second Memorandum dated January 13, 2017, wherein Deputy Chief Askerlund granted Plaintiff "a [D]epartment approved leave of absence through March 9th, 2017."

26. The Department subsequently extended the leave of absence until June 12, 2017.

27. On June 7, 2017, Plaintiff sent an email to Deputy Chief Askerlund requesting an extension of the Department's approved leave.

28. As part of the June 7, 2017 email, Plaintiff stated that two City employees had outlined several options available to Plaintiff.

29. Among the options outlined by the City employees was the option "through the ADA . . . to negotiate a form of light duty, which [could] include a telecommute . . . ."

30. In so doing, Plaintiff requested a reasonable accommodation under the Americans with Disabilities Act ("ADA").

31. On June 8, 2017, Assistant Chief Tim Doubt sent an email to Plaintiff at the request of Chief Mike Brown.

32. The June 8, 2017 email from Assistant Chief Time Doubt stated that it was an informal answer.

33. The June 8, 2017 email also stated that Plaintiff's request for an extension of

approved leave was granted through July 12, 2017.

34. The June 8, 2017 email further stated that a telecommute option was not a viable option for the Department at that time and that the Department didn't anticipate that it would be able to accommodate any officers with that option in the future.

35. Ultimately, the June 8, 2017 email did not deny Plaintiff an accommodation, but instead asked Plaintiff to continue to work with the Department to find an accommodation for Plaintiff's acknowledged disability.

36. Plaintiff subsequently learned that the Department granted the telecommute accommodation to other officers after the June 8, 2017 email.

37. Because the Department had granted the telecommute accommodation to other officers, Plaintiff continued to seek an accommodation that included a telecommute component.

38. Plaintiff's request for an accommodation was denied when Plaintiff's employment with the Department was terminated on July 16, 2017.

**FIRST CAUSE OF ACTION**
**(Americans with Disabilities Act – Disability Discrimination)**

39. Plaintiff realleges and incorporates by reference all preceding numbered paragraphs.

40. Defendant employs more than fifteen (15) employees and is therefore an "employer" as that term is defined in 42 U.S.C. § 12111(5)(A).

41. Plaintiff is a disabled person as defined by the ADA.

42. Defendant also regarded Plaintiff as having an impairment that is neither transitory nor minor.

43. Plaintiff was able to perform the essential functions of his job with an

accommodation.

44.	For reasons including but not limited to those described in this *Amended Complaint*, Defendant has discriminated against Plaintiff because of his disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq*, and its implementing regulations.

45.	Plaintiff was treated differently in the workplace than other co-employees without disabilities who were similarly situated and any reasons for such differing treatment or for allowing such differing treatment to occur are pretextual.  The real reasons for such differing treatment had to do, in part or in whole, with Plaintiff's disability.

46.	Defendant was aware, or should have been aware, of the actions and inactions described above, because such were obvious and pervasive and because, at various times throughout Plaintiff's employment.  Plaintiff complained of them to Defendant on multiple occasions.  Despite such awareness, Defendant failed to investigate Plaintiff's complaints and failed to respond in a way reasonably calculated to stop the discrimination.

47.	Plaintiff has been damaged and continues to be damaged by Defendant's discriminatory treatment and termination of Plaintiff.

48.	In violating the Americans with Disabilities Act, Defendant acted intentionally and with malice and/or reckless, callous, and/or deliberate indifference to Plaintiff's federally protected rights.  Plaintiff is therefore entitled to compensatory and punitive damages pursuant to 42 U.S.C. § 12117.

**SECOND CAUSE OF ACTION**
**(Americans with Disabilities Act – Retaliation)**

49.	Plaintiff realleges and incorporates by reference all preceding numbered paragraphs.

50. Plaintiff's requests for accommodations constitute protected activities under the Americans with Disabilities Act.

51. After Plaintiff requested accommodations, and was denied reasonable accommodations, Defendant unlawfully retaliated against Plaintiff by terminating his employment.

52. Plaintiff has been damaged and continues to be damaged by Defendant's unlawful retaliation.

53. In violating the Americans with Disabilities Act, Defendant acted intentionally and with malice and/or reckless, callous, and/or deliberate indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to compensatory and punitive damages pursuant to 42 U.S.C. § 12117.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For back wages and an award of anticipated front pay;

2. For costs advanced related to damages in an amount to be determined at trial;

3. For damages under the Americans with Disabilities Act related to emotional distress and other general damages in an amount to be determined at trial;

4. For Plaintiff's attorney's fees pursuant to 42 U.S.C. § 12205:

5. For punitive damages in an amount to be determined at trial; and

6. For interest on the forgoing, costs of court, and such other relief as the court deems just and equitable.

## RELIANCE ON PRIOR JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby provides notice of Plaintiff's reliance upon Plaintiff's previous jury demand.

DATED this 6th day of May, 2020

                                               **HARWARD & ASSOCIATES**

                                               /s/ Bradley A. Schmidt
                                               BRADLEY A. SCHMIDT
                                               *Attorney for Plaintiff Break Merino*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May, 2020, a true and correct copy of the foregoing

**AMENDED COMPLAINT** was served on the following by the means indicated below:

| | |
|---|---|
| Jonathan G. Pappasideris<br>David F. Mull<br>SALT LAKE CITY ATTORNEY'S OFFICE<br>451 South State Street; Ste. 505A<br>Salt Lake City, Utah 84114<br>jonathan.pappasideris@slcgov.com<br>david.mull@slcgov.com | ☐ USPS Mail *(First Class)*<br>☐ USPS Mail *(Certified Restricted Delivery)*<br>☐ Electronic Mail<br>☒ Electronic Filing<br>☐ Facsimile<br>☐ Hand Delivery |

      /s/ Bradley A. Schmidt
BRADLEY A. SCHMIDT